IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN G. CONKLIN,** : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 1:10-CV-02501 |
| v. : | |
| : | (Chief Judge Kane) |
| **KRISTINE M. ANTHOU, et al.,** : | |
| Defendants : | |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Recusal filed by Plaintiff Stephen G. Conklin. (Doc. No. 7.) The motion has not been briefed. However, for the reasons that follow, the Court will strike the motion in its entirety pursuant to Federal Rule of Civil Procedure 12(f). In addition, the Court will strike paragraphs 4, 5, 6, and 7 of Plaintiff's complaint (Doc. No. 1) under Rule 12(f).

### I.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which has no essential or important relationship to the claim for relief. Del. Health Care Inc. V. MCD Holding Co., 893 F. Supp. 1279 (D. Del. 1995). "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. Cech v. Crescent Hills Coal Co., 2002 WL 31002883, No. 96-2185, at *28 (W.D. Pa. 2002). A "scandalous" matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court. Carone v. Whalen, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

While courts are specifically empowered with the ability to invoke Rule 12(f) sua sponte,

striking a pleading is a drastic remedy and should be sparingly used by the courts.  Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316 (M.D. Pa. 2000).

**II.     DISCUSSION**

    **A.     Paragraphs 4, 5, 6, and 7 of the Complaint**

On December 7, 2010, Plaintiff filed a lengthy complaint in this action alleging constitutional violations by various state actors.  (Doc. No. 1.)  In addition to Plaintiff's allegations against Defendants, Plaintiff included accusations against the undersigned and other unnamed judicial officers.  (Id. ¶¶ 4, 5, 6, 7.)  Specifically, Plaintiff alleges that "the far reaching influence emanating out of the Nineteenth Judicial District" has undermined the independence of the undersigned and other judicial officers of the Middle District of Pennsylvania.  (Id. ¶ 4.)  Further, Plaintiff asserts that his past experience before judicial officers in the Middle District of Pennsylvania has demonstrated a bias and prejudice against him.  (Id. ¶ 5.)  Plaintiff also argues that his relationship with Attorney Don Bailey will "literally rob Plaintiff of a fair and just opportunity to redress his grievances within this Tribunal."  (Id. ¶ 6.)  Finally, Plaintiff accuses the Nineteenth Judicial District "and other courts" with "judicial corruption" which "render[s] them incapable of just administration with cold neutrality."  (Id.)  Plaintiff asserts that these "incidents . . . warrant[] a full and thorough investigation by, at a minimum, an independent Grand Jury."  (Id.)

After reviewing these paragraphs of the complaint, the Court finds that the allegations contained therein amount to a scandalous matter as it "detract[s] from the dignity of the court" and "improperly casts a derogatory light" on the undersigned and other unnamed judicial officers.  Carone, 121 F.R.D. at 232.  Further, the Court finds the matter to be impertinent, as it

"consists of statements that do no pertain, and are not necessary to, the issues in question." Cech, 2002 WL 31002883, at *28 (W.D. Pa. 2002) (citations omitted); see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("In deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."). Therefore, the Court shall strike paragraphs 4,5,6, and 7 of Plaintiff's complaint (Doc. No. 1) pursuant to Rule 12(f).

### B. Motion to Recuse

Plaintiff's motion to recuse alleges, inter alia, that the undersigned and other named judicial officers of the Middle District of Pennsylvania have subjected Plaintiff to harm as a result of his relationship with Attorney Don Bailey. (Doc. No. 7¶2.) Plaintiff's motion is replete with other disrespectful and impertinent references to the undersigned and other named judicial officers in the Middle District of Pennsylvania. "Nothing in our liberal pro se practice dictates that this Court receive abusive documents." Teriault v. Silber, 574 F.2d 197, 197 (5th Cir. 1978). The matter contained in Plaintiff's motion is clearly immaterial, impertinent, and scandalous pursuant to Rule 12(f). See Carone, 121 F.R.D. at 232; 5 Alan Wright & Arthur Miller, Federal Practice and Procedure § 1382 (3d ed.). Indeed, the Court finds the motion to recuse to be "so saturated with redundant, immaterial, impertinent, and scandalous matter so as to make precise surgery to excise the offending portions virtually impossible." Thomas v. Sandstrom, No. 1:09-cv-1557, 2009 WL 5111788, at *1 (M.D. Pa. Dec. 16, 2009). Accordingly, the Court shall strike Plaintiff's motion to recuse (Doc. No. 7) in toto under Rule 12(f).

**AND NOW**, on this 5th day of April 2011, **IT IS HEREBY ORDERED THAT**:

1. Paragraphs 4, 5, 6, and 7 of Plaintiff's complaint (Doc. No. 1) are **STRICKEN** as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

2. Plaintiff's Motion to Recuse (Doc. No. 7) is **STRICKEN** in its entirety as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
