IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | |
| | : | CIVIL ACTION NO. **1:CV-10-2501** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KRISTINE M. ANTHOU, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On December 7, 2010, Plaintiff, Stephen G. Conklin, currently a resident of 100 Spangler Road, Lewisberry, York County, Pennsylvania, filed, *pro se*, the instant civil rights action under 42 U.S.C. §1983 and §1985, for alleged violations of his constitutional rights, as well as under 18 U.S.C. § 1964, alleging civil RICO claims. (Doc. 1). Plaintiff also asserts state law claims for fraud, theft and conspiracy, and he seeks the Court to exercise its pendent jurisdiction over such claims under 28 U.S.C. §1367.

As Defendants, Plaintiff names the following: Kristine M. Anthou, Attorney at Law; Mary D. Grenen, Attorney at Law; Laurence T. Himes, Jr., an Attorney with Green & Birsic, P.C.; Green & Birsic, P.C. (Law firm); EMC Mortgage Corporation; JP Morgan Chase; Stephen P. Linebaugh, Judge of the Court of Common Pleas for the Nineteenth Judicial District; Richard K. Renn, President Judge of the Court of Common Pleas for the Nineteenth Judicial District; Maria Musti Cook, Judge of the Court of Common Pleas of York County; J. Robert Chuk, York County Court Administrator for the Nineteenth Judicial District; Richard P. Keuerleber, Sheriff of York County, Pennsylvania; John Doe

One, Deputy Sheriff for the Nineteenth Judicial District; York County; and Nineteenth Judicial District. (Doc. 1, pp. 6-9).

Plaintiff paid the filing fee.

On March 24, 2011, the following Defendants were served by Plaintiff: J. Robert Chuk; Maria Musti Cook; County of York; John Doe; Lawrence T. Himes, Jr.; Richard P. Keuerleber; Stephen P. Linebaugh; Richard K. Renn; and York County Sheriff's Office. (Doc. 6). Plaintiff was afforded an extension of time until May 8, 2011, to serve Defendants JP Morgan Chase, EMC Mortgage, Green & Birsic, PC, Kristine M. Anthou, and Mary D. Grenen. (Doc. 10). On April 20, 2011, Plaintiff served Defendants JP Morgan Chase, Green & Birsic, PC, Kristine M. Anthou, and Mary D. Grenen. (Doc. 40-1). On May 6, 2011, Plaintiff filed a Motion for an Enlargement of Time to file with the Court the proof of service upon remaining Defendant EMC Mortgage. (Doc. 40). On May 10, 2011, we granted Plaintiff's Motion and afford him until May 20, 2011 to file with the Court proof of service upon Defendant EMC Mortgage. (Doc. 41).

It appears as though Defendant EMC Mortgage was served, but no return of service has been filed as to this Defendant. Defendant EMC Mortgage, along with Defendant JP Morgan Chase, filed a Motion to Dismiss Plaintiff's Complaint on May 11, 2011. (Doc. 46).

On April 5, 2011, Defendants County of York, John Doe, Richard P. Keuerleber, and York County Sheriff's Office filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 12). By Order of the Court dated May 2, 2011, the Motion was deemed withdrawn for failure to file a support brief. (Doc. 36). On May 6, 2011, Defendants York County, John Doe, Richard Keuerleber, and York County Sheriff's Office filed an Answer to Plaintiff's Complaint. (Doc. 37).

On April 8, 2011, Defendant Lawrence T. Himes, Jr., filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 25). On April 21, 2011, Defendant Lawrence T. Himes, Jr., filed his brief in support of his Motion to Dismiss. (Doc. 31).

On April 14, 2011, Defendants J. Robert Chuk, Maria Musti Cook, Stephen P. Linebaugh, Nineteenth Judicial District of Pennsylvania, and Richard K. Renn filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 26). Also, on April 14, 2011, Defendants J. Robert Chuk, Maria Musti Cook, Stephen P. Linebaugh, Nineteenth Judicial District of Pennsylvania, and Richard K. Renn filed their support brief. (Doc. 27).

On May 10, 2011, Defendants Anthou, Grenen, and Grenen & Birsic, P.C., filed a Motion to Dismiss Plaintiff's Complaint (Doc. 43), together with a support Brief. (Doc. 44).

On May 11, 2011, Defendants EMC Mortgage Corporation and JP Morgan Chase filed a Motion to Dismiss Plaintiff's Complaint, together with a support Brief. (Docs. 46 and 47).

Plaintiff's opposition briefs to the Docs. 25 and 26 Motions to Dismiss were due May 6, 2011 and April 28, 2011, respectively. To date, Plaintiff has not filed his opposition briefs. On April 22, 2011, Plaintiff filed a Motion for an Enlargement of time in part seeking more time to file his opposition briefs to the Docs. 25 and 26 Motions to Dismiss. (Doc. 34).

On April 5, 2011, the Honorable Yvette Kane, U.S. District Court M.D. Pa., issued an Order striking, *sua sponte*, Paragraphs 4, 5, 6 and 7 of Plaintiff's Complaint (Doc. 1) as immaterial, impertinent and scandalous, and striking Plaintiff's Doc. 7 Motion for Recusal in its entirety as immaterial, impertinent and scandalous. (Doc. 18). *See* 2011 WL 1303299 (M.D. Pa. 4-5-11). Chief Judge Kane entered an Order of Recusal on the same date, and reassigned the above-

3

captioned action to the Honorable Sylvia Rambo.[1] (Doc. 19).

On April 4, 2011, Plaintiff filed a 28-page Motion for Emergency Temporary Restraining Order ("TRO") and for Preliminary Injunction Relief pursuant to Fed.R.Civ.P. 65 with attached exhibits, Exs. A-Q. (Doc. 11). Plaintiff requested this Court to stay the writ of execution issued by the York County Court of Common Pleas on or about March 21, 2011, No. 2009-SU-005228-04, to prevent the imminent eviction on April 7, 2011, of Plaintiff and his 83-year-old father from the property located at 100 Spangler Road, Lewisberry, Pennsylvania. Specifically, Plaintiff "requests an immediate Order, in the form of a [TRO], enjoining all Defendants' (sic) from any further action in Ejectment and execution of a Writ of Possession as currently set to be enforced on April 7, 2011; ... ." (Doc. 11, p. 28).

On April 6, 2011, we issued an R&R and recommended that Plaintiff's Emergency TRO Motion and Motion for a Preliminary Injunction (Doc. 11) be denied. (Doc. 20). On April 7, 2011, the Court adopted our R&R and denied Plaintiff's Emergency TRO Motion and Motion for a Preliminary Injunction. (Doc. 21).

On April 21, 2011, Plaintiff filed a Motion for Reconsideration of the Court's April 7, 2011 (Doc. 21) Order. (Doc. 32). On April 27, 2011, the Court denied Plaintiff's Motion for Reconsideration of the Court's April 7, 2011. (Doc. 35).

On April 19, 2011, Plaintiff filed a Motion for Reconsideration of the Court's April 5, 2011 (Doc. 18) Order striking Paragraphs 4, 5, 6 and 7 of his Complaint (Doc. 1) as immaterial, impertinent and scandalous, and striking his (Doc. 7) Motion for Recusal in its entirety as

---

[1] The undersigned is assigned this case for pre-trial matters.

immaterial, impertinent and scandalous. (Doc. 28).  Plaintiff requested that the Court's April 5, 2011 Order be vacated and that ¶'s 4-7 of his Complaint as well as his Motion for Recusal, in its entirety, be reinstated.  Plaintiff simultaneously filed his support brief on April 19, 2011. (Doc. 29). Plaintiff also requested that Chief Judge Kane's April 5, 2011 Order of Recusal be "modified to reflect that the basis for the recusal does not have anything to do with the filings of the Plaintiff, other than the fact that they are true."  (Doc. 29, p. 11).  On April 21, 2011, we issued a Memorandum and Order and denied Plaintiff's Motion for Reconsideration (Doc. 28). (Doc. 30).

On April 22, 2011, Plaintiff filed a Motion for Enlargement of Time in which to respond to the pending Motions to Dismiss or to Amend his Complaint. (Doc. 34).  Plaintiff requested an extension of time "until 21 days after the last Defendants have filed their motions to dismiss, or, at least 21 days from the date of this Court's Order to amend his pleading, which he is in the midst of doing, as opposed to answering the Defendants' motions to dismiss the Complaint." (*Id*., pp. 3-4).

On May 10, 2011, we issued an Order and directed as follows:

> **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for an Enlargement of Time (**Doc. 34**) is **GRANTED IN PART AND DENIED IN PART**.  To the extent Plaintiff is seeking an extension of time to be allowed to amend his Complaint as a matter of course without the opposing parties' consent or the Court's leave, his Doc. 34 Motion is **DENIED**.  To the extent Plaintiff is seeking an extension of time to either file his written consent from all Defendants to amend his pleading or to file his Motion for Leave of Court to Amend his Complaint, his Doc. 34 Motion is **GRANTED**.  To the extent Plaintiff is seeking an extension of time to file his opposition briefs to Defendants' Docs. 25 and 26 Motions to Dismiss the original Complaint, his Doc. 34 Motion is **GRANTED**.
> **IT IS FURTHER  ORDERED THAT**  Plaintiff is directed to either file his written consent  from all Defendants to amend his pleading or to file his Motion for Leave of Court to Amend his Complaint by **May 16, 2011.**

> Failure of Plaintiff to either file his written consent from all Defendants to amend his pleading or to file his Motion for Leave of Court to Amend his Complaint by **May 16, 2011**, will result in Plaintiff being required to proceed with his original Complaint.
>
> If the Court determines that Plaintiff is proceeding with his original Complaint, Plaintiff will have **ten days** from the date of such Order to file his opposition briefs to Defendants' Docs. 25 and 26 Motions to Dismiss the original Complaint.
>
> **IT IS FURTHER ORDERED THAT** Plaintiff's Motion for an Enlargement of Time to file with the Court proof of service upon remaining Defendant EMC Mortgage **(Doc. 40)** is **GRANTE**D.  Plaintiff is directed to file proof of service upon Defendant EMC Mortgage by **May 20, 2011.**

(Doc. 41).

As stated, on May 10,2 011, Defendants Anthou, Grenen, and Grenen & Birsic, P.C., filed a Motion to Dismiss Plaintiff's Complaint (Doc. 43), and on May 11, 2011, Defendants EMC Mortgage Corporation and JP Morgan Chase filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 46).

On May 13, 2011, Plaintiff filed another Motion for Reconsideration, this time with respect to the Court's stated May 10, 2011 Order. (Doc. 49). Plaintiff stated, in part, that he considers the Court's May 10, 2011 Order "yet another, in a growing series by this Court to exact retaliation upon Plaintiff; all for the purpose of denying Plaintiff the very redress of grievances that have and continue to involve this very Court ... ." (Doc. 49, p. 9).

On May 27, 2011, we issued an Order and denied Plaintiff's Doc. 49 Motion for Reconsideration. (Doc. 51). Also, we afforded Plaintiff additional time, in part, to comply with our May 10, 2011 Order. Plaintiff was directed to either file his written consent from all Defendants to amend his pleading or to file his Motion for Leave of Court to Amend his Complaint by June 6,

6

2011. We stated that failure of Plaintiff to either file his written consent from all Defendants to amend his pleading or to file his Motion for Leave of Court to Amend his Complaint by June 6, 2011, would result in Plaintiff being required to proceed with his original Complaint. We stated that if the Court determined that Plaintiff was proceeding with his original Complaint, Plaintiff would have ten days from the date of such Order to file his opposition briefs to Defendants' Docs. 25 and 26 Motions to Dismiss the original Complaint.[2] Further, we stated that in all other respects, our May 10, 2011 Order shall remain unaltered.

On May 27, 2011, Plaintiff filed a Notice of Appeal of the Court's Doc. 35, 48, 30 and 19 Orders with the United States Court of Appeals for the Third Circuit. (Doc. 52). Plaintiff's Appeal is docketed to C.A. Number 11-2466 and is presently pending before the Third Circuit. (Doc. 54).

On June 7, 2011, we issued an Order and granted Plaintiff's Motion for Extension of Time to File his Motion to Amend his Complaint (Doc. 55). (Doc. 56). We gave Plaintiff additional time, from June 6, 2011 until June 13, 2011, to file his Motion to Amend his Complaint.

On June 13, 2011, Plaintiff filed a Motion for Stay and/or Enlargement of Time. **(Doc. 57).** Plaintiff requests that the Court stay all proceedings in his case, or, in the alternative, give him a 10-day extension of time to collectively file his opposition brief to all pending Motions to Dismiss of Defendants, namely Docs. 25, 26, 43 and 46.

Plaintiff states that he believe his pending appeal "concerning certain Orders emanating out of the Middle District" is taken as a matter of right and that it is not interlocutory and, as such, he

---

[2] Our May 10, 2011 Order only dealt with the Doc. 25 and Doc. 26 Motions to Dismiss since the other two Motions to Dismiss (Docs. 43 and 46) were filed on May 10 and May 11, 2011, respectively.

believes that a stay is automatic.  Plaintiff also states that his appeal pertains to "certain collateral orders issued by this Court."  Plaintiff further states as follows:

> 7. Plaintiff asks: How is Plaintiff to amend his Complaint, or even proceed on his original Complaint, if in the first instance, germane issues Plaintiff has (and yet continues to seek) redress for, have so arbitrarily and capriciously been stricken from Plaintiff's Complaint by the very Court that Plaintiff seeks redress from, and, is equally (jurisdictionally) forced to have sought redress in?  He cannot.
>
> 8. It is imperative that it be determined by the Third Circuit Court exactly what Plaintiff has a right to plead in his Complaint, and, *inter alia*, for this (and other reasons) Plaintiff has appealed.
>
> 9. In addition to those portion(s) of Plaintiff's appeal taken as a matter of right, it is altogether just and proper for this Court to Stay any further proceedings, until such time, the Appellate Court makes a full and proper determination/adjudication of Plaintiff's rights.
>
> 10. In consideration of the issues raised herein, Plaintiff needs to note the Court, that Plaintiff cannot, in good conscience, and with need to fully advocate his desire for redress, which includes, but is not limited to, redress from the Middle District Court, file a Motion to Amend; where, the contents of any proposed Amending are, and/or will be, undoubtedly, albeit inevitably, subject to the same (if not more so) attack(s) Plaintiff has already been subjected to by the Court in his original Complaint and subsequent pleadings.
>
> 11. Whilst Plaintiff clearly contends that not only is he and/or has been subjected to a certain and distinct measure of bias and prejudice, as well as an openly expressed animus by at least one member of the Court, (which Plaintiff further contends support Plaintiff's stricken portions of his pleadings) aside from the undue burden placed upon Plaintiff in defending his right to plead, it is not in the best interests of any party, and certainly not this Court, in the spirit of judicial economy, to continue on this course, absent a definitive reckoning of the Appellate Court in determining Plaintiff's inherent rights.

(Doc. 57, pp. 3-4, ¶'s 7-11).

In his instant Motion (Doc. 57), Plaintiff seeks a stay of his case until the Third Circuit decides his May 27, 2011 appeal. As stated, in the alternative, Plaintiff seeks a 10-day extension of time until June 23, 2011, to respond to all pending Motions to Dismiss of Defendants. We shall recommend that Plaintiff's Doc. 57 Motion be denied to the extent it requests a stay, and that it be granted to the extent it requests an extension of the time.

To date, Plaintiff has neither filed his Amended Complaint, nor has he filed his opposition briefs to any of the four pending Motions to Dismiss his original Complaint (Docs. 25, 26, 43 and 46) filed by stated Defendants.

**II. Discussion.**

The Court in *McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856, *1-*2 (E.D. Pa.), stated:

> It is well settled that the Court has the inherent authority to control the disposition of cases on its own docket. *See In Re Plastics Additives Antitrust Litigation,* 2004 WL 2743591 *5 (E.D.Pa. November 29, 2004).
>
>> [T]he Supreme Court said "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." The Court emphasized the need to adapt judicial processes to varying conditions, and said that in cases of exceptional public interest, individual litigants might be required to "submit to delay not immoderate in extent and not oppressive in its consequences."
>
> *Cheyney State College Faculty, et al. v. Hufstedler, et al.,* 703 F.2d 732, 737-738 (3d Cir.1983) ( *quoting Landis v. North American Company,* 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166, 81 L.Ed. 163 (1936)). "[T]he decision whether to grant a stay must be made on a case-by-case basis". *In Re Plastics Additives Antitrust Litigation,* 2004 WL 2743591 at

> *5. In determining whether a stay is appropriate, the Court looks at five competing interests:
>
> (1) interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
>
> (2) burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) interests of persons not parties to the civil litigation; and
>
> (5) interest of the public in the pending civil and criminal litigation. *Id.*

*See also Moriarity v. Johnson*, Civil No. 08-1532, M.D. Pa. August 23, 2010 Order.

Thus, it is within the discretion of the Court to stay Plaintiff's case until the Third Circuit decides Plaintiff's appeal. *McLafferty v. Deutsche Lufthansa A.G.*, *supra*.

In *Walsh v. U.S.*, 2006 WL 2529759, *1 (M.D. Pa. 8-31-06), the Court stated:

> There are few circumstances in which a district court may continue to exercise authority over a case after the filing of a notice of appeal, an "event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over ... the case." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58-59 (1982) (per curiam). The district court may proceed if the notice relates to a non-appealable order or judgment. *Mondrow v. Fountain House,* 867 F.2d 798, 800 (3d Cir.1989); *Venen v. Sweet,* 758 F.2d 117, 120-22 (3d Cir.1985). The notice of appeal filed by plaintiff in this case represents such a circumstance. Despite the notice, this court retains jurisdiction over these proceedings.
>
> The notice of appeal relates to an order denying plaintiff's motion for reconsideration of the memorandum and order of court dated June 9, 2006. FN2 The appeal is premature. Interlocutory appeals are permitted only in limited situations, when continuation of proceedings would foreclose vindication of the rights asserted. This is not such a situation. Plaintiff may

secure full relief on his claims following the entry of judgment in this case. FN3 The order denying the motion for reconsideration is nonappealable, and the notice of appeal is ineffective to divest this court of jurisdiction. *See Mondrow,* 867 F.2d at 800; *Venen,* 758 F.2d at 120-22; *see also* Allan Ides, *The Authority of a Federal District Court To Proceed after a Notice of Appeal Has Been Filed,* 143 F.R.D. 307, 311-12 (1992).

>   FN2. Plaintiff sought reconsideration of the court's dismissal of his tort claims against Major General Jerry D. Humble and his Privacy Act claims. ( *See* Docs. 65, 73, 74, 96.)
>
>   FN3. Plaintiff argues that the *granting* of immunity under *Feres v. United States,* 340 U.S. 135 (1950), is immediately appealable under the "collateral order doctrine." *See Johnson v. Jones,* 515 U.S. 304, 310-11 (1995); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949); *Robinson v. Hartzell Propeller, Inc.,* 454 F.3d 163, 168 (3d Cir.2006). This doctrine permits an "immediate appeal of an otherwise non-final collateral order if the order: (1) conclusively determines a disputed legal question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* The *denial* of immunity satisfies these three prongs and is, therefore, immediately appealable. *See Mitchell v. Forsyth,* 472 U.S. 511, 526-27 (1985). However, the *granting* of immunity does not satisfy the collateral order doctrine; it is not effectively unreviewable on appeal from a final judgment. *See, e.g., Roth v. King,* 449 F.3d 1272, 1281-82 (D.C.Cir.2006); *Baird v. Palmer,* 114 F.3d 39, 42-43 (4th Cir.1997); *LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester,* 96 F.3d 598, 599-600 (2d Cir.1996); *see also* 15A Charles Alan Wright Et Al., Federal Practice And Procedure § 3914.10 (Supp.2006) ("An order granting immunity to defendants may be no more or less separate from the merits, but cannot be appealed until there is a final judgment that disposes of the entire action....").

This case will proceed according to the pretrial and trial schedule (Doc. 68) despite the notice of appeal.FN4 The decision to go forward is not in any way in derogation of the jurisdiction of the Court of Appeals for the Third Circuit.  The appellate court maintains exclusive authority to decide the merits of the appeal, and enjoys the discretion to stay further trial proceedings pending its decision. In short, the fact that this court views the notice of appeal as invalid does not impinge on the ability of the Court of Appeals

11

> to consider the issue *de novo*.FN5 Absent contrary appellate directive, the parties should follow the current pretrial and trial schedule.
>
>> FN4. As the Court of Appeals for the Third Circuit cogently remarked in addressing the district court's obligation to proceed in the face of a premature notice of appeal: We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal. While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the ... rule [that a premature notice of appeal does not divest the district court of jurisdiction] is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.
>>
>> *Mondrow,* 867 F.2d at 800.
>>
>> FN5. *See United States v. Leppo,* 634 F.2d 101, 105 (3d Cir.1980); *see also* 28 U.S.C. § 1651 (providing for petition for writ of mandamus or prohibition); Fed. R.App. P. 8 (providing for motion to stay proceedings pending appeal).

In his Motion for a Stay, Plaintiff only discusses two of the five above factors, namely, numbers 1 and 3. *See McLafferty v. Deutsche Lufthansa A.G., supra.* Plaintiff fails to state how the other three factors weigh in favor of the Court granting him a stay. We also do not find that factors 1 and 3 weigh in favor of the Court granting him a stay. In any event, we find that this Court should not stay this case since we find that Plaintiff's appeal is premature and relates to non-appealable orders. We find that the interests of justice, as well as the continued delay to Defendants in having this case decided, which was originally filed on December 7, 2010, weigh in favor of the Court

denying Plaintiff's Motion for Stay while his appeal is pending with the Third Circuit.[3]  Further, the initial Motion to Dismiss of Defendants has now been pending since April 8, 2011.  As stated, we find that Plaintiff's appeal is premature and that Plaintiff will be able "to secure the full relief on his claims following the entry of judgment in this case."  *See Walsh v. U.S., supra*.

Since we find that the denial of a stay of this case pending a decision from the Third Circuit will not prejudice Plaintiff and that the grant of a stay will place a burden on Defendants, we shall recommend that the Court deny Plaintiff's Motion for a Stay.[4]

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the Court deny Plaintiff's Motion for a Stay **(Doc. 57)** of this case pending his appeal to the Third Circuit.  It is also

---

[3]We also find that Plaintiff has little chance of success in having the Third Circuit consider his appeal on its merits since we find it to be interlocutory.  *See Stewart v. Kelchner*, C.A. No. 07-3821 (3d Cir.)(Plaintiff inmate in §1983 civil rights action filed an interlocutory appeal with the Third Circuit with respect to District Court's §1915(e) dismissal of some of Plaintiff's claims and court dismissed appeal for lack of appellate jurisdiction.  358 Fed. Appx. 291, 294, n. 7 (3d Cir. 2009); *Walsh v. U.S., supra*.

[4]Since we are presented with motion for a stay of this case, which is in the nature of injunctive relief, we must issue a Report and Recommendation as opposed to an Order.  *See* 28 U.S.C.§ 636(b)(1)(A).

recommended that Plaintiff's Doc. 57 Motion be granted to the extent Plaintiff seeks a 10-day extension of time to respond to all pending Motions to Dismiss of Defendants.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: June 16, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN G. CONKLIN, | : |
| | : CIVIL ACTION NO. **1:CV-10-2501** |
| Plaintiff | : (Judge Rambo) |
| v. | : (Magistrate Judge Blewitt) |
| KRISTINE M. ANTHOU, et al., | : |
| Defendants | : |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 16, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                     s/ Thomas M. Blewitt
                                                                     **THOMAS M. BLEWITT**
                                                                     **United States Magistrate Judge**

**Dated: June 16, 2011**