# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN G. CONKLIN | : |
| **Plaintiff** | : |
| v. | : 1:10-cv-2501 |
| | : (JUDGE MARIANI) |
| KRISTINE M. ANTHOU, et al. | : |
| **Defendants** | : |

## MEMORANDUM OPINION

Plaintiff Stephen G. Conklin ("Conklin") filed this civil rights action alleging various deprivations of federal and state law. Conklin's claims arise under several theories including violations of his Fourth and Fourteenth Amendment constitutional rights pursuant to 28 U.S.C. § 1983 and § 1985, RICO claims under 18 U.S.C. § 1964, and pendant state law claims for fraud, theft, and conspiracy arising under 28 U.S.C. §1367. An array of Defendants, including state court judges, banking institutions, attorneys representing private lenders, and law enforcement officials are alleged to have deprived Conklin of a "fair hearing" on the merits of his state court action challenging the validity of a mortgage foreclosure, and subsequent sheriff's sale, of his residential property located at 100 Spangler Road, Lewisberry, York County, Pennsylvania. Conklin avers that several of the Defendants conspired to deprive him of his real property, and in the process, trampled his constitutional rights by depriving him of, inter alia, certain due process guaranties. Conklin appealed to this Court for intervention, most recently, in the form of a temporary restraining order to prevent his physical removal from the

1

subject property. Such an order was granted in order to permit the Court time to review the entire record and settle various jurisdictional questions raised by Defendants.

On December 16, 2011, pursuant to an Order of this Court (Doc. 93), the Honorable Thomas M. Blewitt, U.S.M.J., issued a Report and Recommendation ("Report and Recommendation") (Doc. 107) finding that the District Court lacks subject matter jurisdiction to hear this matter under the Rooker-Feldman doctrine and that Plaintiff's Motion for Preliminary Injunction should be denied. For the reasons set forth below, the Report and Recommendation (Doc. 107) is adopted in its entirety, Conklin's request for preliminary injunctive relief (Doc. 91) is denied, and the matter is dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**

Conklin and his father are the residents of real property located at 100 Spangler Road, Lewisberry, York County, Pennsylvania ("Property" or "Premises"). On May 15, 1997, Conklin and his late-wife executed a mortgage with Saxon Mortgage, Inc., in the principal amount of $235,600.00. That same day, Saxon Mortgage, Inc. assigned the mortgage to Texas Commerce Bank, and the assignment was recorded in the Office of the York County Recorder of Deeds on May 19, 1997. On November 11, 2005, J.P. Morgan Chase Bank, successor to Texas Commerce Bank, assigned the mortgage to Deutsche Bank Trust Company Americas, with an effective date of June 18, 2002. This second assignment was ultimately recorded on January 4, 2006. In the interim, on October 20, 2004, Deutsche Bank Trust Company Americas assigned the mortgage to EMC Mortgage Corporation ("EMC"), and this assignment was recorded on January 3, 2006.

On February 10, 2006, EMC filed a complaint instituting a mortgage foreclosure action against Conklin and his wife alleging a default and detailing the specific amount past due. Only Conklin answered, and a default was issued against his wife in the amount of $442,047.35. Subsequently, on July 2, 2007, EMC moved for summary judgment as to Conklin, asserting that he defaulted under the terms of the mortgage, and again certifying the amount past due. On December 31, 2007, the Court of Common Pleas, York County, granted summary judgment in favor of EMC and against Conklin (Pa. Court of Common Pleas, York County, Docket No. 2006-SU-0433-06, December 31, 2007). After various attempts to delay the mortgage foreclosure process, including the Court of Common Pleas' August 18, 2008 denial of Conklin's Motion to Stay Execution, the Property was scheduled for a sheriff's sale in February 2009.

On June 17, 2009, the Pennsylvania Superior Court issued an opinion affirming the December 31, 2007 decision rendered against Conklin in the Court of Common Pleas. Specifically, the Superior Court found:

> Conklin's response to the summary judgment is comprised of bald assertions without any evidence backing them up. He states that the mortgage was not in default, that EMC's accounting of the amount due was flawed, and the EMC was not the true holder of the mortgage, but presents absolutely no evidence in support thereof.

EMC. Mortgage Corp. v. Conklin, 188 MDA 2008, at *4a (Pa. Super. Ct. June 17, 2009).

On April 20, 2010, the Supreme Court of Pennsylvania denied, per curiam, Conklin's Petition for Allowance of Appeal. See EMC Mortgage Corp. v. Conklin, 904 MAL 2009, per curiam (Pa. April 20, 2010). Conklin's Petition for Writ of Certiorari in the Supreme Court of the

United States was also denied. Accordingly, there is a valid state judgment, affirmed on appeal, concerning identical facts and matters of law that Conklin raises in the present federal matter.

## STANDARD

Pursuant to FED. R. CIV. P 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also Bradgate Assocs., Inc. v. Fellows, Read and Assocs., Inc., 999 F.2d 745, 749 (3d Cir. 1993)(when a district court lacks subject matter jurisdiction over a matter, the Federal Rules of Civil Procedure require the court to dismiss the case).

## DISCUSSION

Conklin invites this Court to review and reject various state court orders and judgments issued against him by the Court of Common Pleas, York County, and the Pennsylvania Superior Court. Notably, both the Supreme Court of Pennsylvania and the Supreme Court of the United States have rejected Conklin's petitions for further appeals.

Although Conklin argues that he has suffered innumerable constitutional injuries, in addition to raising pendant claims under state law, these claims are, on examination, no more than an assertion of harms resulting from the valid legal judgments of state tribunals. Conklin argues that this Court should, in effect, hear an appeal from the Court of Common Pleas even after he has been given the opportunity to present his arguments to the Pennsylvania Superior Court, and subsequent petitions for leave to appeal have been denied by the highest courts in Pennsylvania and the United States. This is an entreaty we cannot grant, as the District Court

4

is without subject matter jurisdiction[1] to undertake the review that Conklin requests, and lacks the requisite authority to enter a preliminary injunction as a result of the Rooker-Feldman doctrine and the Anti-Injunction Act.

### Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F. Supp. 2d 587, 597 (W.D. Pa. 2011). The doctrine originated from two Supreme Court opinions issued over the course of six decades: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 1303, L.Ed.2d 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine holds "that a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257." Goodson, 797 F. Supp. 2d at 597 (citing Feldman, 460 U.S. at 482, 103 S.Ct. 1303). "The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000); see also Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998). "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process

---

[1] Subject matter jurisdiction is "the court's statutory or constitutional power to adjudicate [a] case." See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)(citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

and equal protection rights." Goodson, 797 F. Supp. 2d at 597 (citing Feldman, 460 U.S. at 485-86, 103 S.Ct. 1303 (citation omitted)).

The Supreme Court confined the Rooker-Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct 1517, 161 L.Ed.2d 454 (2005); see also, Johnson v. De Grandy, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)(Rooker-Feldman bars losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); Howlett v. Rose, 496 U.S. 356, 369-70, n.16 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)(citing Rooker and Feldman for the proposition that "a federal district court cannot entertain an original action alleging that a state court violated the Constitution by giving effect to an unconstitutional state statute"); ASARCO Inc. v. Kadish, 490 U.S. 605, 109 S.Ct 2037, 104 L.Ed.2d 696 (1989)(Supreme Court rejected suggestion of the United States that loser in Arizona Supreme Court case should have filed a separate action in federal district court effectively obtaining "direct review of the Arizona Supreme Court's decision in the lower federal courts").

In the Third Circuit, there are four requirements that must be met in order for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff

'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining and Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(quoting Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517)). In the present matter, (1) Conklin lost in state court, (2) the injuries Conklin claims to suffer are the direct result of those state court judgments, (3) which were rendered prior to the institution of the present federal proceeding,[2] and (4) which Conklin now asks the District Court to review and reject. The present action is a hornbook example of Rooker-Feldman's proper application to preclude an impermissible extension of the District Court's jurisdiction under 28 U.S.C. § 1257. It is of no avail that Conklin frames his dissatisfaction with previous state court rulings as violations of his federal constitutional rights.

Several recent cases within the Third Circuit illustrate the uniformity with which courts treat matters almost identical to the one presented here. In Gage v. Wells Fargo Bank, N.A., 2011 WL 4073877 (D.N.J. Sept. 9, 2011), a pro se plaintiff raised a challenge to the state court order of foreclosure on his home. Plaintiff disputed the validity of the sheriff's sale based upon "unlawful foreclosure proceedings" and certain criminal activities. The District Court refused to review the state court's judgment under Rooker-Feldman because such a review would "essentially attack the underlying state court order of foreclosure." Id. at *3. The Third Circuit affirmed the District Court's decision, holding that the "District Court did not err in refusing to

---

[2] The relevant decision of the Court of Common Pleas, York County, was issued on December 31, 2007. A subsequent decision of the Pennsylvania Superior Court, hearing an appeal on the matter, was issued on June 17, 2009.

7

enjoin further action by [the bank] in light of its dismissal of [the plaintiff's] claims against Wells Fargo under the Rooker-Feldman doctrine." See Gage v. Wells Fargo Bank, NA, 2011 WL 5357684, slip op., (3d Cir. Nov. 8, 2011), *1. The Circuit's "independent review of the complaint and [the plaintiff's] other pleadings of record reveals no indication that his numerous, vaguely supported claims for relief are likely to result in a judgment on the merits in his favor." Id.; see also, Siravo v. Country Wide Home Loan, 349 Fed. Appx. 766, 768 (3d Cir. 2009)(Rooker-Feldman bars district court review of state foreclosure action when the plaintiffs seek to examine a state court's refusal to vacate a settled foreclosure-related action); Moncrief v. Chase Manhattan Mort. Corp., 275 Fed. Appx. 149, 152-153 (3d Cir. 2008)(Rooker-Feldman bars federal court from assuming jurisdiction over a post-Sheriff's sale ejectment action and enjoining state court from proceeding with summary judgment in that action). In light of the overwhelming volume of case law that informs the present analysis, Rooker-Feldman renders the Court powerless to hear Conklin's claims.

## Anti-Injunction Act Applied

Given this Court's lack of subject matter jurisdiction, it would be clear error to issue the preliminary injunction requested by Conklin. Not only does the jurisdictional hurdle posed by Rooker-Feldman deprive this Court of jurisdiction to review the merits of Plaintiff's claims, but also, the federal Anti-Injunction Act, 28 U.S.C. § 2283 ("Anti-Injunction Act"), precludes this Court's ability to grant Conklin's request for injunctive relief.

Broadly stated, the Anti-Injunction Act prevents district courts from enjoining state court proceedings. See In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.,

134 F.3d 133, 143 (3d Cir. 1998). Conklin's argument that that Anti-Injunction Act does not bar an injunction in the present matter because his Complaint (Doc. 1) is premised upon section 1983 is misplaced. Although Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), stands for the proposition that the Anti-Injunction Act does not prohibit district courts from enjoining a "proceeding pending in a state court under any circumstances whatsoever," id. at 242, Conklin's arguments challenge final judgments of the courts of Pennsylvania rendered in the mortgage foreclosure proceeding which he now places before this Court for further review.

Furthermore, "the district court's jurisdiction to issue an injunction under the exceptions in section 2283 is ancillary to its jurisdiction in the underlying case." James v. Bellotti, 733 F.2d 989, 993 (1st Cir. 1984)(citing Dugas v. Amer. Surety Co., 300 U.S. 414, 428, 57 S.Ct. 515, 521 L.Ed. 720 (1937); Southwest Airlines Co. v. Texas International Airlines, Inc., 546 F.2d 84, 90 (5th Cir. 1977), cert. denied, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977)). As the Fifth Circuit noted in Mooney Aircraft, Inc. v. Foster, 730 F.2d 367, 372 (5th Cir. 1984), section 2283 "is not a jurisdictional statute, but goes only to the granting of a particular form of equitable relief." At present, Rooker-Feldman deprives this Court of jurisdiction over Conklin's claims and such jurisdiction is not restored by the Anti-Injunction Act itself.

Importantly, "[t]he Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute." Clark v. U.S. Bank Nat. Assoc., No. 03-5452, 2004 WL 1380166 at *3 (E.D. Pa. June 18, 2004). The three exceptions contained within the statute permit a

federal court to issue injunctions to stay a state court proceeding only where "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. Conklin does not identify how his case meets any of these exceptions. Accordingly, this Court's lack of subject matter jurisdiction under Rooker-Feldman acts as an insurmountable barrier to its ability to issue a preliminary injunction, notwithstanding the exception recognized in Mitchum, which allows injunctive relief in certain circumstances pending in state court.

In the present matter, Conklin is a "state court loser" who is seeking federal court review of final decisions rendered by the Court of Common Pleas, and affirmed by the Superior Court. This is precisely the type of action that Rooker-Feldman, and the Anti-Injunction Act, are designed to prevent. See Exxon Mobil, 544 U.S. at 284 (Rooker-Feldman acts as a barrier against "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The Court of Common Pleas rendered judgment finding that Conklin was in default on a mortgage secured by his Property, that the mortgage was subject to foreclosure, and that a subsequent sheriff's sale was warranted. Conklin's many efforts to delay the sale of the property were rejected by the Court of Common Pleas. Once the Property was sold, however, Conklin remained on the Premises.

Conklin avers that he has not been given a hearing on these matters, and that such an alleged deprivation is a violation of his constitutional rights. He also claims that Judges Cook, Linebaugh, and Renn, all of the Court of Common Pleas, acted with bias and favoritism, and

that their judgments against him were not based upon evidence. The record, however, shows that Conklin has engaged in a series of legal actions raising this and other issues surrounding the foreclosure and sale of his Property. Conklin's challenge to the sale of his Property was subject to an appeal in the Superior Court, which then provided a detailed opinion affirming the Court of Common Pleas. It bears repeating that the Superior Court specifically noted:

> Conklin's response to the summary judgment is comprised of bald assertions without any evidence backing them up. He states that the mortgage was not in default, that EMC's accounting of the amount due was flawed, and that EMC was not the true holder of the mortgage, but presents absolutely no evidence in support thereof.

See EMC. Mortgage Corp. v. Conklin, 188 MDA 2008, at *4a (Pa. Super. Ct. June 17, 2009). The Supreme Court of Pennsylvania and the Supreme Court of the United States then refused to hear further appeal. Now, the District Court may not be asked to render that entire process unsound, and void a valid state court ruling. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006)(district courts are barred from "entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling"). Conklin was provided numerous opportunities to present his case, but the state courts of Pennsylvania ruled that he failed to provide any evidence to substantiate his claims aside from broad generalizations of law.

Accordingly, this Court is without jurisdiction to issue a preliminary injunction, and it is without subject matter jurisdiction to hear the merits of Conklin's case.

## CONCLUSION

For the reasons set forth in this opinion, the Report and Recommendation issued by Magistrate Judge Thomas M. Blewitt on December 16, 2011 (Doc. 107) is adopted in its entirety. An appropriate Order will follow.

DATE: January 17, 2012

Robert D. Mariani
United States District Judge