THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN G. CONKLIN | : |
| Plaintiff | : |
| v. | : 1:10-cv-2501 |
| | : (JUDGE MARIANI) |
| KRISTINE M. ANTHOU, et al. | : |
| Defendants | : |

## MEMORANDUM AND ORDER

Plaintiff Stephen G. Conklin ("Conklin") filed this federal civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that certain conduct of the York County Sheriff's Office ("Sheriff's Office"), York County ("York County"), Sheriff Richard P. Keuerleber ("Sheriff") and Sheriff's Deputy John Doe ("Doe") violated several of his constitutional rights under the First and Fourteenth Amendments.

## BACKGROUND

Conklin avers that at a hearing on January 27, 2009, before the Honorable Stephen P. Linebaugh of the Court of Common Pleas of York County, he was physically accosted by Doe in open court. In his Complaint (Doc. 1), Conklin asserts that "Defendant Linebaugh instructed Defendant Deputy Sheriff Doe to intimidate and coerce Plaintiff Conklin into silence, as Defendant Deputy Doe, whilst holding onto his gun holster, approached [Conklin], and firmly placed his hand on [Conklin's] collarbone, admonished Plaintiff Conklin to remain silent." See Pl.'s Compl. ¶ 310.

1

Conklin further avers that:

> the actions of Defendant Deputy Sheriff Doe, as upon information and belief of Plaintiff Conklin, <u>directed by Defendant Linebaugh</u>, and Defendant Linebaugh's scathing admonishment, indelibly etched upon Plaintiff a chilling effect, whereby Plaintiff Conklin was sorely vexed, and clearly reticent thereafter, to effectively conduct his case.

See id. at ¶ 311 (emphasis added). It is necessary to note that Conklin's own Complaint acknowledges that Judge Linebaugh "instructed" Doe to place his hands upon Conklin's collar and restrain him.

Conklin argues that Doe again restrained him during a subsequent hearing on February 18, 2009. Conklin's Complaint specifically asserts that Doe, "with one hand on his gun holster, and the other placed on Plaintiff's collarbone," leaned over Conklin and "attempted under badge of authority to intimidate and coerce [Conklin] into remaining silent during the proceedings." See Pl.'s Compl. ¶ 320.

Conklin also alleges that the Sheriff improperly permitted a Sheriff's sale of Conklin's property to take place on February 23, 2009. See Pl.'s Compl. ¶¶ 318-332. Conklin asserts that the sale was invalid based on the recording of a mortgage satisfaction piece, see Pl.'s Compl. ¶ 335, but Conklin simultaneously acknowledges that this mortgage piece was struck by Judge Linebaugh. See Pl.'s Compl. ¶ 340. The Sheriff's Office moved forward with the sale. Plaintiff's attempt to set aside the Sheriff's sale through the judicial process has been unsuccessful.

## **STANDARD**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A district court may grant a defendant's motion for summary judgment when the plaintiff fails to provide any genuine issue of material fact. See Rule 56(c); see also Krouse v. Amer. Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the burden to establish before the district court that the non-moving party has failed to substantiate its claims with evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). "The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial." See Book v. Merski, 2009 WL 890469, at *4 (W.D. Pa. Mar. 31, 2009)(citing Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989)("the non-movant must present affirmative evidence—more than a scintilla but less than a preponderance—which supports each element of his claim to defeat a properly presented motion for summary judgment)). The non-moving party is then charged with providing evidence beyond the pleadings to show specific facts by affidavit or by information contained "in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of

proving elements essential to his claim." Book, 2009 WL 890469, at *4 (citing Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061).

Material facts are those whose resolution will affect the outcome of the case under applicable law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the Court is required to resolve any doubts as to the existence of material facts in favor of the non-moving party for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Firemen's Ins. Company of Newark, N.J. v. Du Fresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment, therefore, is only precluded if a dispute about a material fact is "genuine", viz., if the evidence would permit a reasonable jury to return a verdict in favor of the non-moving party. See Anderson, 477 U.S. at 247-249.

## DISCUSSION

Defendants move for summary judgment pursuant to FED. R. CIV. P. 56(c) based upon, inter alia, the doctrine of judicial immunity. "It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties." Book, 2009 WL 890469, at *4 (citing Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000)). Judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). As the Third Circuit held In re Montgomery County, 215 F.3d 367 (3d Cir. 2000), "[a]bsolute immunity creates not only protection from liability, but also a right not to stand trial." Id. at 373; see also Seigert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 114

4

L.Ed.2d 277 (1991)("[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only of unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit").

"Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit." Book, 2009 WL 890469, at *4 (citing Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000)("court administrator entitled to summary judgment for release of information ordered by judge")); see also Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969)(a prothonotary, acting under judicial direction, was immune from suit).

In the present matter, Defendants argue that Doe "is entitled to absolute immunity" because he was carrying out "an order of a judge" directed to maintain courtroom order. See Def.'s Br. in Supp. Mot. Summ. J., at 4. "The act of touching [Conklin's] shoulder and admonishing [Conklin] to comply with Judge Linebaugh's instruction to cease interruptions enjoys full and absolute immunity." Id. Under the circumstances presented, the Court agrees that Doe is immune from suit because, as Conklin admits in his Complaint, Doe followed the instructions of Judge Linebaugh in taking the actions Conklin finds objectionable. Conklin has not provided a "scintilla" of evidence to support his argument that Doe acted independently or exercised any individual discretion with regard to his actions. As admitted in Conklin's own Complaint, Doe was instructed by Judge Linebaugh to take the actions at issue. See Pl.'s Compl. ¶¶ 310-311.

With regard to Doe restraining Conklin during the February 18, 2009 hearing, Conklin's Complaint again belies the argument he proffers in his Brief in Opposition to Defendants' Motion for Summary Judgment. In the Complaint, it is clear from Conklin's own words that Doe was acting under the "badge of authority," and was attempting to maintain order in the courtroom. The only authority under which Doe could have been operating during a hearing was that given to him by Judge Linebaugh. Again, Conklin's argument that Doe acted without judicial instruction is without merit.

In circumstances substantially similar to those presented by Conklin, the Western District of Pennsylvania found that a Sheriff's Deputy was entitled to quasi-judicial immunity when he "acted in an effort to maintain the security of the courtroom." See Book, 2009 WL 890469, at *5. In the present matter, the record indicates that Doe was attempting to restore order in Judge Linebaugh's courtroom, and was acting in accordance with Judge Linebaugh's instructions. Accordingly, Doe is entitled to quasi-judicial immunity.

Even if this Court were to deny quasi-judicial immunity to Doe, it would still be appropriate to extend him qualified immunity. "An officer sued for a violation of constitutional rights may be entitled to the defense of qualified immunity, that is, an exemption from trial as well as from liability for the alleged wrong." Carswell v. Borough of Homestead, 381 F.3d 235, 241 (3d Cir. 2004). Conklin alleges that Doe's actions were aimed at suppressing his rights to free speech and equal protection; however, the transcripts indicate that Judge Linebaugh repeatedly admonished Conklin for speaking out of turn and for being disruptive. See Pl.'s Br.

in Opp. Summ. J., Exh. A, Doc. 1, at 28.[1] Even if Judge Linebaugh did not personally instruct Doe to touch Conklin, such an instruction is not necessary for a finding of immunity. As Conklin writes in his opposing brief, "[a] sheriff's deputy has no authority before the bar of the court beyond what he is given by the Court, or presumably, when there is a clear and present danger." See Pl.'s Br. in Opp. Mot. Summ. J. at 7. Not only does Conklin acknowledge that Doe's only authority within the courtroom is ultimately derived from Judge Linebaugh, but he also acknowledges that Doe is entitled to act if he reasonably believes that a party poses some danger to the court. Id. Qualified immunity works to insulate an officer who acts in a reasonable manner, even if the officer is ultimately mistaken as to his need to act. See Carswell, 381 F.3d at 242. Thus, qualified immunity would be extended to Doe even if quasi-judicial immunity was inappropriate.

Aside from speculation and conjecture, Conklin fails to provide a shred of evidence supporting his contention that York County, the Sheriff, or the Sheriff's Office engaged in a pattern of unconstitutional behavior or that any policy or custom of that department resulted in harm. Importantly, section 1983 does not provide for liability under *respondeat superior*, and thus, any perceived harm caused by Doe cannot be attributed to York County, the Sheriff, or the Sheriff's Office merely because they are his employer. See Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-

---

[1] The courtroom transcript submitted by Conklin as Exhibit A indicates that Judge Linebaugh repeatedly asked Conklin to refrain from interrupting the proceeding on January 27, 2009. Judge Linebaugh asked Conklin to "not interrupt me again in this proceeding." Judge Linebaugh further warned Conklin that "[i]f you interrupt me again, I will have you removed from the courtroom."

7

1295 (3d Cir. 1997)(police chief could not be held liable under § 1983 for violating subordinate officer's rights, as officer was required to prove that he participated in violating the officer's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations). "When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an 'affirmative part' in the complained-of misconduct." Book, 2009 WL 890469, at * 5 (citing Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)). Conklin offers nothing to support his contention that the Sheriff's Office, or the Sheriff, engaged in any constitutionally objectionable behavior.

Furthermore, Conklin does not provide evidentiary support to buttress his allegation that York County, the Sheriff, or the Sheriff's Office's actions with regard to the sale of Conklin's residential property were improper. Again, Conklin's Complaint undermines the argument set-forth in his Brief in Opposition to Defendants' Motion for Summary Judgment in that it affirms that Judge Linebaugh struck the mortgage satisfaction papers offered as proof that Conklin was not in default. See. Pl.'s Compl. ¶¶ 322, 340. Conklin thus admits the existence of a lawful judicial order that was later acted upon by the Sheriff's Office. Conklin argues, in effect, that the Sheriff's Office should have ignored Judge Linebaugh's order and stayed the sale. This argument is misplaced. The Sheriff and the Sheriff's Office are entitled to rely upon the orders of a judge in the execution of a warrant, and Conklin's argument that the Sheriff's Office erred in selling his property is without merit. Under these facts, the Sheriff and the Sheriff's Office are entitled to quasi-judicial immunity.

For similar reasons, Conklin's <u>Monell</u> claims against York County cannot withstand summary judgment. Not only did the Sheriff's Office and the Sheriff act in accordance with the direct orders of Judge Linebaugh, but Conklin has failed to provide any evidence to support his claim that York County has engaged in behavior indicating its adherence to an unconstitutional policy or custom, and as a result, inflicted harm upon Conklin.

## CONCLUSION

For the reasons set forth in this opinion, Defendants' Motion for Summary Judgment (Doc. 75) will be granted. An appropriate Order will follow.

DATE: January 20, 2012

Robert D. Mariani
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN CONKLIN                          :
                                         :
            Plaintiff                    :
v.                                       :    1:10-CV-2501
                                         :    (JUDGE MARIANI)
KRISTINE M. ANTHOU, et al.               :
                                         :
            Defendants                   :

## ORDER

On September 20, 2011, Defendants York County, York County Sheriff's Office, Sheriff Richard P. Keuerleber, and Deputy Sheriff John Doe, filed a Motion for Summary Judgment (Doc. 75). For the reasons set forth in the accompanying memorandum, **NOW,** on this **20th** day of **JANUARY, 2012, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. 75) is **GRANTED**.

2. The Court enters judgment in favor of Defendants and against Plaintiff.

3. The Clerk of the Court is directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge